

FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA
2016 SEP -1  PM 4: 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

JASON D. NIELSON,

        Defendant.

4:16CR3066

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney, and Michael P. Norris, Assistant United States Attorney, and defendant, JASON D. NIELSON, and John C. Vanderslice, counsel for defendant, as follows:

## I

## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count III of the Indictment. Count III charges a violation of Title 18, United States Code, Section 2252A(a)(2).

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

    1.    The United States will move to dismiss Count(s) I and II at the time of sentencing.

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

    1.    The defendant received or attempted to receive any child pornography;

    2.    Child pornography being any visual depiction of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

1

3.    The visual depiction was shipped or transported in or affecting interstate or foreign commerce by any means including by computer.

B.    <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.</u>

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed.

1.    Defendant began a Facebook and text relationship with a 14-year-old minor female.  Defendant was aware that the minor was 14.  He knew the family and was advised by the minor that she was 14.

2.    On February 8, 2015, the Defendant texted a picture of his penis to the 14-year-old girl.  In return, she sent the Defendant a nude image of herself exposing her breasts and pubic area.  Defendant asked her for another image and sent an additional image of his penis.  She responded by sending another image of herself masturbating her vagina with her fingers.  When he complained the image was too dark, she sent a similar image with a close up of her vagina.  Defendant then asked for videos to which the minor responded, "We will do that when I'm home alone. . ."

### III

### PENALTIES

A.    COUNT III.  Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.    A maximum 20 years in prison; and a mandatory minimum of 5 years;

2.    A maximum $250,000 fine;

3.    A mandatory special assessment of $100 per count; and

4.    A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.    Possible ineligibility for certain Federal benefits.

2

**IV**

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

**V**

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of 132 months with supervised release and restitution as the Court deems appropriate.  This agreement is based on the defendant's role in the offense, criminal history, and acceptance of responsibility.

1.     If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B.   ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1.   Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2.   Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3.   Fails to appear in court, or
4.   Engages in additional criminal conduct, or
5.   Attempts to withdraw the guilty plea, or
6.   Refuses to abide by any lawful court order, or
7.   Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was**

3

**convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.      ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.      CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.      "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

**VI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

4

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.  Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.  Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A.  This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.  By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act.  The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C.  The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding.  Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D.  Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty.  The defendant will make this payment at or before the time of sentencing.

E.  By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).  The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions.  No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

**X**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language).  Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

_9/1/16_____        _____
Date                         MICHAEL P. NORRIS
                             ASSISTANT U.S. ATTORNEY

_8-31-16_____        _____
Date                         JASON D. NIELSON
                             DEFENDANT

_8-31-16_____        _____
Date                         JOHN C. VANDERSLICE
                             COUNSEL FOR DEFENDANT

7