IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3066 |
| vs. | TENTATIVE FINDINGS |
| JASON D. NIELSON, | |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed an objection (filing 31) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant objects to the presentence investigation report, arguing that his base offense level, pursuant to U.S.S.G. § 2G2.2(a)(2), should be 22. Filing 31. The report recommends a base offense level of 32 pursuant to § 2G2.1.

   The applicable guideline for a violation of 18 U.S.C. § 2252A(a)(2), to which the defendant has pled guilty, is § 2G2.2. That section generally establishes a base offense level of 22. However, § 2G2.2 contains a "cross reference" provision, which provides in part: "If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, apply § 2G2.1[.]"  U.S.S.G. § 2G2.2(c).

   The presentence report recommends that the Court apply the "cross reference" provision of § 2G2.2 based on the facts of the underlying case. This provision, if applied, would trigger the application of § 2G2.1, which establishes a base offense level of 32.

   The Court will resolve this issue at sentencing.

   The defendant has also objected to certain facts in the presentence report. To the extent those facts are relevant, the Court will resolve any disputed factual matters at sentencing.

   The Court notes that there is a Rule 11(c)(1)(C) plea agreement in this case.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

- 3 -

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of November, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge